UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60106-CIV-DIMITROULEAS/SNOW

TREVOR HILL, STACI HILL,
QAMARUN M. SHAIKH AND
MUJAHIDDIN SHAIKH, individually and
on behalf of all others similarly situated,

        Plaintiffs,

  v.

NATIONSTAR MORTGAGE LLC and
SOLUTIONSTAR,

        Defendants.

## ORDER OF DISMISSSAL WITHOUT PREJUDICE

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss [DE 13]. The Court has carefully considered the motion, Plaintiffs' Response in Opposition [DE 15], Defendants' Reply [DE 17], and is otherwise fully advised in the premises.

### I. BACKGROUND

On January 20, 2015, Plaintiffs Trevor Hill, Staci Hill, Qamarun M. Shaikh and Mujahiddin Shaikh, on their own behalf and on behalf of those similarly situated (collectively, "Plaintiffs," the "Homeowners" or "putative Class Members"), filed the instant action against Defendants Nationstar Mortgage LLC ("Nationstar") and Solutionstar (collectively, "Defendants").

Plaintiffs' claims all arise from property inspections ordered by Nationstar, the servicer of their home mortgage loans, after Plaintiffs became delinquent in their mortgage payments. *See* [DE 1] at ¶ 1. Plaintiffs allege that Nationstar has a practice of automatically ordering "drive

1

by" property inspections via its computerized loan servicing system, the prices of which are inflated by a kickback that is retained by Nationstar's affiliate, Solutionstar, and assessing the charges on the Homeowners without regard to whether the property inspections and fees charged were unwarranted and/or unreasonable under the relevant circumstances. ¶¶ 2-4.

Plaintiffs allege that, since at least 2012, Nationstar engaged its affiliate Solutionstar to arrange for someone to physically conduct the drive-by inspections. [DE 1] at ¶¶ 6, 18, 81. Homeowners allege that Solutionstar charged Nationstar up to a $15 fee for each inspection but, in fact, paid the inspectors less and pocketed the difference. ¶¶ 6, 18, 99. Plaintiffs also allege that, around 2012, Nationstar increased the fee it charged delinquent borrowers for property inspections from $9.15 to $15 to accommodate this plan. ¶ 6.

The crux of Plaintiffs' Complaint is that the putative Class Members, whose mortgage loans were in default, were wrongfully charged for excessively frequent and unnecessary property inspections, above and beyond what they agreed to submit to in their mortgage contracts. *See, e.g.,* ¶¶ 169-172. Plaintiffs allege that Nationstar ordered property inspections on multiple occasions, on both couples' properties. Moreover, Plaintiffs allege that the charges for the property inspections were overly expensive because Nationstar and/or its affiliate Solutionstar, retained a portion of the charge. ¶ 6.

Homeowners acknowledge that their mortgage contracts give Nationstar the right to inspect the properties of borrowers in default. *See* [DE 1] at ¶¶ 50, 51, 63-67. According to the Complaint, Homeowners' mortgage contracts stipulate that in the event their loan is in default, Nationstar can inspect their properties and "do and pay for whatever is reasonable or appropriate to protect [the] Lender's interest in the Property." *See* [DE 1] at ¶ 64 (quoting ¶¶ 7 and 9 of Homeowners' mortgage contracts). Moreover, Plaintiffs concede that the terms of the mortgage

agreements require the Homeowners to reimburse Nationstar for fees incurred for property inspections. ¶ 64. Plaintiffs do not allege that the contract contains a specific fee cap or requirement.

Plaintiffs alleges seven claims in its Complaint pertaining to the property inspection fees, as follows:  Count I – Violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) against both Defendants; Count II – Violation of the Federal RICO Act, 18 U.S.C § 1692(d) against both Defendants; Count III – Violation of the Florida Racketeer Influenced and Corrupt Organizations Act ("Florida RICO"), Fla. Stat. § 895.03(3) against both Defendants; Count IV – Violation of the Florida RICO Act, Fla. Stat. § 895.03(4) against both Defendants; Count V – Violation of the Florida Civil Remedies for Criminal Practices Act (the "FCRCP" Act"), Fla. Stat. § 772.103(3) against both Defendants; Count VI – Breach of Contract (Including Breach of Implied Covenant of Good Faith and Fair Dealing) against Nationstar; and Count VII – Unjust Enrichment against Solutionstar.

## II.  STANDARD OF REVIEW

*A.     Rule 12(b)(6)*

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the

light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Defendants move to dismiss the Complaint in its entirety, arguing that it is fundamentally deficient because the Homeowners never went through the contractually-required step of notifying Nationstar of their dispute and asking for a voluntary resolution – such as the charging off of allegedly-unnecessary inspections fees (if any). Defendants argue that the Court should enforce the contract and dismiss the case for that reason alone.

Defendants rely on Paragraph 20 of both mortgage contracts at issue, which state:

> Neither Borrower nor Lender may commence, join, or be joined to
> any judicial action (as either an individual litigant or a member of a
> class) that arises from the other party's actions pursuant to this
> Security Instrument or that alleges that the other party has
> breached any provision of, or any duty owed by reason of, this
> Security Instrument, until such Borrower or Lender has notified the
> other party (with such notice given in compliance with the
> requirements of Section 15) of such alleged breach and afforded

>the other party hereto a reasonable period after the giving of such
>notice to take corrective action.

*See* [DE 1-2] at ¶ 20; [DE 1-3] at ¶ 20.

Defendants argue that because neither the Hill Plaintiffs nor the Shaikh Plaintiffs allege that either provided notice of the allegedly improper inspection fees before filing this suit, the Complaint should be dismissed. *See, e.g.*, *Niyaz v. Bank of America*, 2011 WL 63655, *2 (E.D. Va. Jan. 3, 2011) (pursuant to identical notice and cure provision at issue, dismissing plaintiff's claims for violations of the National Housing Act, failure to provide notice of default, failure to comply with applicable pooling and servicing requirements, illegal charges, lack of good faith and fair dealing in loan servicing, unclean hands in pursuing foreclosure, and lack of standing to pursue foreclosure, on the grounds that "all of plaintiff's allegations arose from actions taken pursuant to the Deed of Trust"); *Johnson v. Countrywide Home Loans, Inc.*, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010).

As this Court explained in *St. Breux v. U.S. Bank, Nat. Ass'n*, 919 F.Supp.2d 1371 (S.D. Fla. 2013), the notice and cure provision of the mortgage bars a plaintiff's claims where it "applies by its terms to [the] action. *Id.* at 1375. *See also Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001) (holding that a claim "relates to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties"). Thus, to determine whether the notice and cure provision bars this action, the Court must decide if the plaintiff is alleging that the defendant "breached any provision of, or any duty owed by reason of" the mortgage." [DE 1-2] at ¶ 20; [DE 1-3] at ¶ 20.

As Plaintiffs allege in the Complaint, Nationstar, the Loan Servicer, acquired the contract rights and obligations of the Lender related to the servicing of the loan. [DE 1] at ¶ 28. Moreover, Plaintiffs allege: "Borrowers' mortgage loan contracts contain specific provisions

5

concerning a Loan Servicer's ability to order Property Inspections and charge Borrowers for the cost of such inspections." [DE 1] at ¶ 63. *See* [DE 1-2] at ¶ 9; [DE 1-3] at ¶ 9.  In the present case, the Plaintiffs' allegations of charging too much for each inspection, of inspecting too frequently, and of inspecting without reason to do so are all based upon their contentions that Defendants violated Paragraph 9 of the mortgage contracts, which grant Defendants the right to "do and pay for whatever is *reasonable or appropriate* to protect the Lender's interests in the Property and rights under [the mortgage agreement] including protecting and/or assessing the value of the Property. . . ." *See* [DE 1] at ¶¶ 1, 4, 17, 63, 64; [DE 1-2] at ¶ 9; [DE 1-3] at ¶ 9.  Thus, regardless of the cause of actions alleged, the Homeowners' claims are entirely based on their mortgage contracts, specifically Paragraph 9.  Additionally, contrary to Plaintiffs' contention, this also includes the unjust enrichment claim in this case, as the alleged enrichment was the alleged overcharging of property inspection fees pursuant to the terms of the mortgage contracts. *See Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. 1st DCA 2008) ("a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter").  Accordingly, the Homeowners' failure to provide notice and an opportunity to cure requires dismissal without prejudice of their claims. *See, e.g.*, *Johnson*, 2010 WL 5138392, at *2 (dismissing all claims for failure to allege notice and cure in accordance with mortgage contract).

      In the alternative, even the dismissal for failure to allege compliance with the notice and cure provision were only to apply to Plaintiffs' breach of contract claim, Plaintiffs' remaining claims also must be dismissed for failure to state a claim.  Plaintiffs' federal and state RICO causes of action have multiple defects, including that Plaintiffs' have failed to sufficiently plead facts to establish a cognizable enterprise, a pattern of racketeering activity, and RICO injury.  *See*

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006).  Finally, Plaintiffs' unjust enrichment claim against Solutionstar fails to state a claim.  *See Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241–42 n. 4 (Fla. 2004) ("The elements of an unjust enrichment claim are: 'a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof'."). An "[u]njust enrichment requires that the benefit be direct to the litigant." *See Kopel v. Kopel*, 117 So.3d 1147, 1152 (Fla. 3rd DCA 2013) (citing *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla. N.A.*, 667 So.2d 876, 879 (Fla. 3d DCA 1996)).  However, here, based on the allegations in the Complaint, it appears that Plaintiffs directly conferred the benefit, if any, on Nationstar, not on Solutionstar.

## V.  CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 13] is hereby **GRANTED**;

2. The above-styled action is hereby **DISMISSED WITHOUT PREJUDICE**;

3. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of July, 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

8