UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60106-CIV-DIMITROULEAS/SNOW

TREVOR HILL, STACI HILL,
QAMARUN M. SHAIKH AND
MUJAHIDDIN SHAIKH, individually and
on behalf of all others similarly situated,

       Plaintiffs,

   v.

NATIONSTAR MORTGAGE LLC and
SOLUTIONSTAR,

       Defendants.

## ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT; CLOSING CASE

THIS CAUSE is before the Court upon Defendants Nationstar Mortgage LLC ("Nationstar") and Solutionstar (collectively, "Defendants")'s Motion to Dismiss First Amended Complaint [DE 32], filed herein on December 18, 2015.  The Court has carefully considered the Motion, Plaintiffs Trevor Hill, Staci Hill, Qamarun M. Shaikh and Mujahiddin Shaikh, on their own behalf and on behalf of those similarly situated (collectively, "Plaintiffs)'s Opposition [DE 33], Defendants' Reply [DE 34], and is otherwise fully advised in the premises.

At the outset, the Court notes that it will not rehash the parties' arguments and the Court's rulings from prior orders in this case.  The Court assumes the reader's familiarity with the prior orders entered in this docket, including, in particular, the Court's July 6, 2015 Order of Dismissal Without Prejudice [DE 24], dismissing all of Plaintiffs' claims without prejudice, because neither the Hill Plaintiffs nor the Shaikh Plaintiffs alleged that they provided the complied with the contractually-required notice and cure provision before filing suit, and the

1

Court's October 30, 2015 Order Denying Motion for Reconsideration [DE 28], in which the Court rejected Plaintiffs' attempts to reargue matters which the Court already considered when it ruled on the motion to dismiss.[1]

The Court's October 30, 2015 Order Denying Motion for Reconsideration [DE 28] stated that Plaintiffs could file an amended complaint, alleging facts sufficient to demonstrate that they complied with the notice and cure provisions of the Plaintiffs' mortgage. *See* [DE 28] at p. 6-7. The Court noted at that time that "[t]he Court takes no position on whether the letters attached to the motion for reconsideration, nor any potential allegations related thereto, would be sufficient." *Id.* at p. 7. Now, after consideration of the Plaintiffs' purported notice and cure letters, dated September 24, 2014 and November 25, 2014 [DE's 25-1, 25-2] ("the Letters"), upon which Plaintiffs attempt to allege compliance with the contractually-required notice and cure provision before filing suit, *see* [DE 29] (First Amended Class Action Complaint) at ¶¶ 76, 81 (citing to these Letters in their notice allegations), the Court finds the Letters insufficient for this purpose.

Apart from the numerous requests for information contained in the Letters, the only objection to the property inspection fees set forth in the Letters is that any future property inspections are not reasonable pursuant to Section 7 of the mortgage contracts on the grounds that the subject properties are currently occupied and that the homeowners have not allowed the property to deteriorate or commit waste on the property. *See* [DE 25-1 at p. 3; DE 25-2 at pp. 3-4]. In contrast, in Amended Complaint, Plaintiffs challenge the property inspection fees imposed on their mortgage loan accounts based on allegations that Nationstar and Solutionstar engaged in

---

[1] The Court notes that, since the entry of those Orders, it has dismissed without prejudice another case for failure to allege notice and cure, where plaintiffs claimed violations of various federal and state statutes (TILA, FDCPA, and FCCPA) arising from allegedly inflated property inspection charges, as the terms of the mortgage loan contract provided the basis for the servicer conducting property inspections on properties whose loans were in default and charging the mortgage loan account fees for those property inspections. *See Sotomayor et al. v. Deutsche Bank National Trust Company et al.*, case no. 15-61972 at [DE 31] (Feb. 5, 2016).

a conspiracy with a web of outside vendors to automatically assess inspection fees repeatedly (more often than once per month) through a computerized system, and that the Defendants supposedly inflated the per inspection charge to fund the payment of a kickback. *See* [DE 29]. Accordingly, while Plaintiffs' RICO claim set forth in the one-count Amended Complaint arose from property inspections ordered by Nationstar, the servicer of their home mortgage loans, after Plaintiffs became delinquent in their mortgage payments, *see* [DE 29], it would be entirely unreasonable to conclude that Plaintiffs' purported notice-and-cure Letters provided the requisite notice of Plaintiffs' grounds for challenging the property inspection fees that are set forth in the Amended Complaint. *Compare* [DE 25-1 at p. 3; DE 25-2 at pp. 3-4] (the Letters) with [DE 29] (Amended Complaint). Plaintiffs' failure requires dismissal without prejudice of their claims.

In the alternative, Plaintiffs' RICO claim must again be dismissed for failure to state a claim. Plaintiffs' RICO claim continues to suffer from a myriad of independently fatal defects, including that Plaintiffs' have failed to sufficiently plead facts to plausibly establish a cognizable enterprise, a pattern of racketeering activity, and RICO injury.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss First Amended Complaint [DE 32] is **GRANTED;**
2. The above-styled action is hereby **DISMISSED** in accordance with this Order;
3. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Broward County, Florida this 10th day of February, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

3

Copies furnished to:
Counsel of record